IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTY JORDAN, ) | Case No. 4:05CV3104 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| BNSF RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

Alleging a lack of subject matter jurisdiction, the defendant, BNSF Railway Company (BNSF), moves to dismiss this 42 U.S.C. § 1981 case brought against it by a former employee, Marty Jordan (Jordan). Jordan, who is black, complains that BNSF discriminated against him in the investigation and adjudication of a disciplinary matter.

BNSF argues that Jordan's claim is precluded as a matter of law under the Railway Labor Act (RLA), 45 U.S.C. § 151 and following, because of the interplay between a collective bargaining agreement (CBA), the investigation and adjudication of the disciplinary matter pursuant to the terms of the CBA, and Jordan's claim of discrimination. After very careful consideration, I will deny the motion.

I find and conclude that Jordan's discrimination claim is not "dependent on the interpretation of a CBA." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 247, 262 (1994). That is, Jordan's discrimination complaint cannot be "'conclusively resolved'" by reference to the meaning of the CBA. Id. at 263. See also Deneen v. Northwest Airlines, Inc., 132 F.3d 431, 439 (8th Cir. 1998) (holding that employee's claims that employer violated Pregnancy Discrimination Act (PDA) and Minnesota Human Rights Act (MHRA) by failing to recall her after layoff arose independent of

collective bargaining agreement, and were based on federal and state law, and thus were not preempted by Railway Labor Act (RLA) (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 411(1988)); Taggart v. Trans World Airlines, Inc., 40 F.3d 269, 274-75 (8th Cir.1994) (holding state law discrimination claim not preempted by RLA); Norman v. Missouri Pac. R.R., 414 F.2d 73, 83 (8th Cir.1969) (noting Congress did not intend to make railroads immune from Title VII liability for discrimination in employment).

It is possible for the plaintiff to succeed on his discrimination claim against the BNSF even though the company complied with all of its obligations under the CBA, no matter how those obligations might be defined or construed. For example, if BNSF gave the plaintiff what he was due under the CBA when it investigated and adjudicated the disciplinary matter, but, with a racial animus, BNSF also withheld from Jordan greater protections customarily afforded white disciplinary targets, actionable discrimination premised upon federal law, wholly unrelated to the meaning of the CBA, will likely have been established.[1]

IT IS ORDERED that the motion to dismiss (filing 6) is denied.

June 23, 2005.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge

---

[1] On the other hand, Jordan may have trouble arguing that the BNSF violated the requirements of the CBA as evidence of his discrimination claim. That issue—compliance with the CBA—has been resolved against Jordan by an adverse Public Law Board decision (filing 8, attachment 8) which appears not to have been set aside. Generally, the law (issue preclusion) does not permit one to litigate issues that have been conclusively resolved against him in another forum. See also 45 U.S.C. § 159 (regarding conclusiveness of awards under RLA).